# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>   Plaintiff,<br><br> v.<br><br>KERN VALLEY STATE PRISON CLASSIFICATION COMMITTEE, et al.,<br><br>   Defendants. | Case No. 1:18-cv-01193-LJO-SKO (PC)<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff, Antwoine Bealer, is a state prisoner proceeding *pro so* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action based on placement in Administrative Segregated Housing ("ASU") and Segregated Housing ("SHU"). Although Plaintiff does not state any cognizable claims, he may be able to correct the deficiencies in his pleading. Accordingly, Plaintiff is granted leave to file a first amended complaint and is provided the pleading requirements and legal standards under which his allegations will be considered.

**A.**   **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Summary of the Complaint

Plaintiff names the following Defendants: Kern Valley State Prison Warden; CCI D. Patterson; CDW M. Sexton; and CCII M. Oliveira. Plaintiff appears to believe that his rights to due process have been violated by his placement in the ASU and SHU at various times over the past several years. However, as discussed in detail below, Plaintiff does not state a cognizable claim. He is therefore granted leave to file a first amended complaint, and is provided the pleading requirements and legal standards under which his allegations will be considered.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should simply state which of his constitutional rights he believes were violated by each Defendant and the supporting factual basis. Plaintiff should refrain from citing to legal authority or making legal arguments. Where the allegations against two or more Defendants are factually intertwined, Plaintiff need not repeat the factual allegations separately against each Defendant. Plaintiff should instead present his factual allegations and identify the Defendants he believes are thereby implicated.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.

*Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Generic identifiers, without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims to be able prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Although Plaintiff names various individuals as defendants, he fails to mention any of them in his factual allegations. Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342. The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### 3. **Exhibits**

Plaintiff has attached a number of exhibits to his Complaint which he fails to reference in his allegations. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, inmate appeals, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). The submission of evidence at this juncture is premature as Plaintiff is only required to state a *prima facie* claim for relief via his factual allegations. Thus, when amending his Complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and should refrain from submitting exhibits.

If Plaintiff feels compelled to submit exhibits with an amended complaint, he is reminded that such exhibits must be attached to the amended pleading and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or include a similar notation to direct the Court to the specific exhibit Plaintiff's allegations reference and Plaintiff should state what he intends the exhibit to show the reader. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See

Exhibit A, page 3").

### 4. Statute of Limitations

The applicable statute of limitations begins to run upon accrual of the plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is generally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Although the term of Plaintiff's sentence is not known, the limitations period for his claims would not differ if he were serving a term of life with the possibility of parole, as that is considered a term of less than life. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). Further, in California "[l]imitations are tolled during period of imprisonment of persons sentenced to life imprisonment." Cal. Civ. Proc. Code § 352.1, note (West Ann. 2017) (2. Construction and application) (citing *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601 (1968) (reversed dismissal on demurrer based on statute of limitations of action brought by inmate sentenced to a life term roughly nine years after precipitating incident,)); *see also Brooks v. Mercy Hosp.*, 1 Cal.App.5th 1, 6-7 (2016) (finding ". . . *Grasso* remains good law.") Thus, without knowing Plaintiff's sentence, he had a minimum of four years from the date of the incidents at issue to file suit.

Plaintiff delineates the time that he was in either ASU or SHU which ranges from "May of 2014" at the earliest to "July 2018" at the latest. (Doc. 1, p. 8.) It is unclear whether Plaintiff believes the entire time he was placed in either ASU or SHU violated his rights, or if he provided these dates as background information. In any event, as Plaintiff filed this action on August 28,

2018, any claims based on events that occurred more than four years prior to that date, i.e. before August 17, 2014, are barred by the statute of limitations.

**D. Claims for Relief**

**1. Due Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. *Id.* The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Although Plaintiff has a section titled "Atypical and Significant Hardship," it only contains the dates that he was in the ASU or SHU. Any claim is not cognizable as Plaintiff does not identify any conditions which he believes amounted to atypical and significant hardship.

"It is plain, that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence. Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Due process for placement in administrative segregation requires only that prison officials hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. *Id.*, 801 F.2d at 1100-01 (quotation marks omitted), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472

6

(1995); *accord Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. *Toussaint*, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. *Id.* (quotation marks omitted). Plaintiff does not state any allegations to address the *Thoussaint* elements for a due process claim.

Prisoners may, however, be housed in Administrative Segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) – overruled in part on other grounds by *Sandin* (finding no liberty interest in freedom from state action taken within the sentence implied). Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from ASU or SHU housing. *Sandin*, at 484; *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Further, Plaintiff is unable to state a due process claim based on the handling of his inmate appeals on his ASU and SHU placement. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th

Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

### 2. Challenges to Plaintiff's Conviction

The claims Plaintiff appears to attempt to raise in this action may be barred. Specifically, Plaintiff has titled a section of the Complaint "More Time in Prison." (Doc. 1, p. 7.) In this section Plaintiff simply states "Administrative Segregation and Security Housing Increases Inmates' Placement Score." (*Id.*) When a prisoner challenges the legality of his conviction or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to

actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

Thus, before Plaintiff may proceed under section 1983, he must allege facts to show that any finding of guilt underlying his conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Failure to do so will result in dismissal of this action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

## II. CONCLUSION

For the reasons set forth above, Plaintiff fails to state any cognizable claims in this action. However, Plaintiff is granted leave to file an amended complaint to cure the deficiencies identified in this order **within 21 days**. If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension of time **no later than 21 days** from the date of service of this order.

Plaintiff must demonstrate in any amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). A first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further cautioned that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file a first amended complaint or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated: **April 13, 2019**        /s/ *Sheila K. Oberto*
                              UNITED STATES MAGISTRATE JUDGE