# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRISON CLASSIFICATION COMMITTEE,<br><br>　　　　Defendant. | Case No. 1:18-cv-01193-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO STAY THE ACTION**<br><br>(Doc. 15)<br><br>FOURTEEN (14) DAY DEADLINE |

　　　　Plaintiff, Antwoine Bealer, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 15, 2019, the Court issued an order finding Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting leave for Plaintiff to file a first amended complaint within twenty-one (21) days. (Doc. 13.) More than the allowed time has passed without Plaintiff having filed an amended complaint, or otherwise responding to the Court's screening order.

　　　　On May 15, 2019, an order issued for Plaintiff to show cause why the action should not be dismissed based on his failure to comply with the Court's order and for failure to state a cognizable claim. (Doc. 14.) In response, Plaintiff filed a motion to stay this action stating that, on April 18, 2019, he filed an amended complaint in case number 1:18-cv-01170-DAD-SAB. (Doc. 15.) According to Plaintiff, that case concerns the same issue as this action, it appears two

1

cases have been initiated for the same action, and this action should be stayed until the issue is resolved. (*Id.*)

A district court has the inherent power to stay its proceedings. The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party, the hardship or inequity to the moving party if the action is not stayed, and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005)—none of which apply here.

The Court has reviewed case number 1:18-cv-01170-DAD-SAB which pertains to very similar events as those alleged by Plaintiff in the instant case. However, consolidation of two actions is properly raised before the Court assigned to the earlier filed action: 1:18-cv-01170-DAD-SAB. Accordingly, if Plaintiff wishes to proceed in one of these actions only, Plaintiff should file either a notice of voluntary dismissal in this action, or a request in case number 1:18-cv-01170-DAD-SAB to consolidate the two actions.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay this action, filed on June 13, 2019, (Doc. 15), is DENIED; and
2. **within fourteen (14) days** of the date of service of this order Plaintiff SHALL file either:
    A. a notice of voluntary dismissal in this action, or

B.  a motion to consolidate this action with case number 1:18-cv-01170-DAD-SAB in that action.

**<u>Failure to file either of the above will result in recommendation that this action be dismissed based on Plaintiff's failure to obey the Court's order</u>**.

IT IS SO ORDERED.

Dated:  **June 17, 2019**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE