# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRSION CLASSIFICATION COMMITTEE,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01193-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Docs. 13, 14, 16)<br><br>TWENTY-ONE (21) DAY DEADLINE |

　　　　Plaintiff, Antwoine Bealer, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 15, 2019, the Court issued the First Screening Order, finding that the Complaint failed to state any cognizable claims and granting leave for Plaintiff to file a first amended complaint within twenty-one (21) days.  (Doc. 13.) Thirty days have passed without Plaintiff having filed an amended complaint or other response to the First Screening Order.

　　　　On May 15, 2019, the Court ordered Plaintiff to show cause ("OSC") within twenty-one (21) days why this action should not be dismissed based on Plaintiff's failure to comply with the First Screening Order and for failure to state a cognizable claim.  (Doc. 14.)  Plaintiff filed a motion to stay this action stating that, on April 18, 2019, he filed an amended complaint in case number 1:18-cv-01170-DAD-SAB.  (Doc. 15.)  According to Plaintiff, that case concerns the

1

same issue as this action, it appeared to Plaintiff that two cases have been initiated for the same action, and this action should be stayed until the conflict is resolved. (*Id.*) The Court reviewed case number 1:18-cv-01170-DAD-SAB and found it pertains to very similar events as those alleged by Plaintiff in the instant case. However, it noted consolidation of two actions is properly raised before the Court assigned to the earlier filed action—which in this instance is 1:18-cv-01170-DAD-SAB.

On June 18, 2019, the Court denied Plaintiff's motion to stay this action and ordered Plaintiff to either file a notice of voluntary dismissal in this action, or a motion to consolidate this action with case number 1:18-cv-01170-DAD-SAB. (Doc. 16.) That order cautioned Plaintiff that failure to file either of the above would result in recommendation that this action be dismissed based on Plaintiff's failure to obey the Court's order. (*Id.*) Although more than the time allowed has passed, Plaintiff has filed neither a voluntary dismissal in that action, nor a motion to consolidate this action with case number 1:18-cv-01170-DAD-SAB in that action.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to the June 18, 2019 order to file either a notice of voluntary dismissal in this action, or a motion to consolidate this

---

[1] Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts. Fed.Rules Evid.Rule 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

action with case number 1:18-cv-01170-DAD-SAB, this action should be dismissed due to Plaintiff's failure to obey or comply with the Court's June 18, 2019, order.

Based on the foregoing, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey the Court's June 18, 2019, order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 15, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE